# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6449 | **DATE** | 10/12/2012 |
| **CASE TITLE** | PATTI LARDAS v. GEORGE W. VASSOS *et al.* | | |

## DOCKET ENTRY TEXT

Defendant Associated Bank's motion to dismiss Count III of the complaint [5] is granted. Plaintiff's claim for an injunction against Associated Bank is dismissed without prejudice. Associated Bank's unopposed motion [7] for leave to file a counterclaim and cross-claim and to join a new party is granted. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Patti Lardas sues Greek Town, Inc. and George W. Vassos for breach of contract (Count I) based on their alleged failure to make monthly payments for the purchase of restaurant fixtures and equipment under the terms of a written loan agreement. She seeks a declaratory judgment against Greek Town, Vassos, and Associated Bank, N.A. (Count II) that she is the owner of the property, and an injunction against Associated Bank (Count III) to prevent it from taking possession of the property as collateral for a loan it made to Vassos. Associated Bank moves to dismiss Count III of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. It also moves for leave to file a counterclaim and cross-claim and to join a new party.

The following facts are taken from the complaint. In 2004, Vassos approached Lardas regarding the purchase of restaurant fixtures and equipment ("property") from a restaurant located in Mundelein, Illinois. Lardas agreed to sell the property for $300,000. Lardas and Vassos, individually and as president of Greek Town, executed a written loan agreement ("note") under which Vassos would pay $4,000 monthly until May 2013. Several years after Vassos and Lardas executed the note, Vassos borrowed money from Associated Bank. The property served as collateral for the loan.

Vassos stopped making monthly payments on the note in April 2012. Lardas received only $220,000 of the purchase price; Vassos still owes Lardas twenty payments, for a total of $80,000. On August 1, 2012, Vassos allegedly abandoned the property by leaving it at the restaurant, which is owned by Lardas' nephew. On August 9, 2012, Associated Bank made a written demand for possession of the property. Lardas claims she owned the property when Vassos and Associated Bank executed their loan. She asserts that Associated Bank's demand is improper because she is the equitable owner of the property. She claims she has current possession because Vassos abandoned the property at the restaurant. She requests an injunction to prevent Associated Bank from taking possession of the property.

| | Courtroom Deputy Initials: | MG |
|---|---|---|

| STATEMENT |
|---|

A plaintiff's complaint must contain a short and plain statement of a claim showing she is entitled to relief. Fed. R. Civ. P. 8(a)(2). At the pleading stage, the plaintiff needs to provide enough factual content to show her claim is "plausible," not merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). On a motion to dismiss, the court accepts well-pleaded factual allegations as true and draws all reasonable inferences in plaintiff's favor. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Unsupported assertions or legal conclusions couched as factual allegations need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Associated Bank argues Lardas' claim for an injunction should be dismissed because she fails to plead a right or interest in the property. The bank claims its loan to Greek Town was secured by an agreement granting it a security interest in all inventory, equipment, accounts, and other collateral owned by Greek Town located at the restaurant. Associated Bank asserts it perfected the security interest by filing a UCC Financing Statement with the Illinois Secretary of State. Its lien search uncovered no prior security interests in the property. The bank contends Lardas' assertion that she is the "equitable owner" of the property is unsupported.

As an initial matter, an injunction is a remedy, not an independent cause of action. *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill. 1995) (Kocoras, J.). Lardas' claim for an injunction may be dismissed for failure to state a claim on that ground alone. *See, e.g., Obi v. Chase Home Fin., LLC*, No. 11-cv-3993, 2012 WL 1802450, at *4-5 (N.D. Ill. May 15, 2012) (Darrah, J.); *Chi. Police Sergeants Ass'n v. City of Chicago*, No. 08-cv-4214, 2011 WL 2637203, at *9 (N.D. Ill. July 6, 2011) (Dow, J.).

Lardas' claim also fails because she does not adequately plead the required elements for injunctive relief. A party is entitled to a permanent injunction if it can show a certain and clearly ascertainable right threatened by irreparable harm for which there is no adequate remedy at law. *Sparks v. Gray*, 777 N.E.2d 1026, 1030 (Ill. App. Ct. 2002). Failure to plead these elements is grounds for dismissal. *AT & T Capital Servs., Inc. v. Shore Fin. Servs., Inc.*, No. 09 C V 1360, 2010 WL 2649874, at *17 (N.D. Ill. June 30, 2010) (Lefkow, J.); *Am. Nat'l Bank & Trust Co. of Chi. v. Allmerica Fin. Life Ins. & Annuity Co.*, No. 02 C 5251, 2003 WL 1921815, at *4 (N.D. Ill. Apr. 21, 2003) (Grady, J.).

Lardas' complaint does not contain well-pleaded factual allegations showing she has a certain and clearly ascertainable right in the property. Her statements that she is the "equitable owner" are unsupported legal conclusions undermined by allegations that she sold the property to Vassos in 2004. Unless otherwise explicitly agreed, title to goods passes at the time and place of contracting, not at the time of performance or payment. *See* 810 ILCS 5/2-401(3)(b). Lardas does not allege facts suggesting she and Vassos specifically agreed Lardas would retain a lien or security interest in the property until Vassos paid in full. The note is not attached to the complaint because it has allegedly been stolen or misplaced. The court declines to speculate as to its terms.

Lardas fails to allege her remedy at law is inadequate or that she will suffer irreparable harm if an injunction is not granted. Injunctions are generally only appropriate where money damages are inadequate. *Walgreen Co. v. Sara Creek Prop. Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992). Lardas' damages are quantifiable; she alleges she is owed $80,000, the amount unpaid on the note. She has not pled facts suggesting money damages are insufficient or explaining why the extraordinary remedy of an injunction is appropriate. Accordingly, Count III of Lardas' complaint is dismissed for failure to state a claim.

*Suzanne B. Conlon*